■ JOHN SANCHEZ, Respondent, v MARYLAND CASUALTY COMPANY, Respondent, and CRITERION INSURANCE Co., Appellant.—In a proceeding to stay arbitration, the Criterion Insurance Company appeals from a judgment of the Supreme Court, Queens County, dated September 23, 1977, which, after a hearing, determined that there was a valid policy of insurance issued by Criterion to its insured at the time of the accident and granted the application to stay arbitration. Judgment affirmed, with costs to respondent Maryland Casualty Company payable by Criterion. On this record, appellant has not met its burden of demonstrating that its policy of insurance had been canceled prior to the date of the accident. More than a bare assertion in a self-serving letter is required to rebut the presumption of continuance. We further note that since appellant filed no answer to the petition, the allegations therein are deemed uncontroverted (see CPLR 402). Mollen, P. J., Suozzi, Rabin and Martuscello, JJ., concur.

■ RITA SCHWARTZ, Respondent, v SAMUEL R. SCHWARTZ, Appellant.— In a matrimonial action in which the plaintiff was granted a divorce, the defendant appeals, as limited by his notice of appeal and brief, from so much of an order of the Supreme Court, Nassau County, dated February 23, 1978, as (1) granted the branches of plaintiff's motion which sought (a) an interpretation of the stipulation of settlement dated May 30, 1975, (b) additional alimony and (c) counsel fees and (2) denied the branch of his motion which sought counsel fees. Order affirmed insofar as appealed from, with $50 costs and disbursements. For the reasons stated in the opinion of Mr. Justice Gibbons at Special Term, we are in agreement with his interpretation of the stipulation of settlement and the modification of the award of alimony. Furthermore, under the circumstances of this record, the award of counsel fees to the wife and the denial of counsel fees to the husband were proper. Accordingly, we need not reach the issue of the constitutionality of sections 237 and 238 of the Domestic Relations Law (cf. *Thaler v Thaler,* 58 AD2d 890). Special Term's failure to draw an inference favorable to the husband upon the wife's untimely filing of the official form financial affidavit was not an improvident exercise of discretion (see 22 NYCRR 699.11). Mollen, P. J., Hopkins, Gulotta and Martuscello, JJ., concur; Shapiro, J., not voting.